IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HARMER RADIO AND ELECTRONICS, INC., | ) CIVIL NO.: 10-00700 SOM BMK<br>) (Contract)<br>) |
| Plaintiff, | ) **DECLARATION OF JACK R. NAIDITCH**<br>) |
| vs. | )<br>) |
| S&S FIRE APPARATUS CO., DOUG KELLEY, CINDY VAN GORDON, CHRISTINA OLSON, LEE FINLEY, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DECLARATION OF JACK R. NAIDITCH

Jack R. Naiditch does hereby state and declare as follows:

1.      I am an attorney licensed to practice law in the State of Hawaii and in the United States District Court for the District of Hawaii.

2.      I represent Plaintiff Harmer Radio and Electronics, Inc. ("Harmer") in this case.

3.      This case results from a contract that Harmer Radio entered into in September 2007 with Defendant S&S Fire Apparatus Co., ("S&S") pursuant to which Harmer agreed to act as S&S' authorized dealer and sales representative in Hawaii to sell S&S' products.  At the time, S&S was a Fairmont, Indiana-based nationally known manufacturer of fire trucks.  When Harmer secured a fire truck contract with the County of Maui, S&S asked Harmer to prefund the contract, which S&S did in several payments in the amount of $350,000.  Prior to each payment, all of the individually named defendants, who were either officers or sales representatives of S&S, provided false information to Harmer to induce Harmer to continue making payments to

S&S, including statements that the fire truck was being built in stages by a subcontractor in the Czech Republic. The fire truck was never assembled by the subcontractor or by S&S, and S&S failed to deliver the fire truck to Maui.

4.     The complaint was filed on November 26, 2010.

5.     Shortly after the complaint was filed I contacted Advantage Process Server, a process server that covers Indianapolis and Fairmont to serve the complaint on S&S as well as the individually named defendants.

6.     This process server was unsuccessful in locating S&S or discovering the addresses of the individual defendants in Indiana. Fairmont is a small town located fifty miles northeast of Indianapolis, and I contacted several other process servers in both Fairmont and Indianapolis to ascertain the addresses of the individual defendants. I had perormed an Internet search of these individuals and could find nothing except, for several, Facebook contact information, which did not provide addresses.

7.     None of these process was able to locate any of the defendants.

8.     I then was informed that S&S had either dissolved or entered bankruptcy, and that a successor corporation was formed, called Brand FX Body in Fort Worth, Texas to carry on part of its business. I also discovered that Lee Finley, who was the former president of S&S and who I believe masterminded the fraud on S&S, was working with Brand FX Body.

9.     I then hired Professional Court Services (PCS), a process server in Fort Worth, to serve Lee Finley.

10.     PCS made several attempts to serve Lee Finley but was unsuccessful. The affidavit of Amanda Bodie, a process server with PCS, is attached to this motion. Ms. Bodie's affidavit describes the attempts made by PCS to serve Mr. Finley.

11.     Rule 4(e)(3) of the Federal Rules of Civil Procedure provides that original process may be served upon any competent, adult individual found within the United States in the manner authorized by the State in which the district court sits, or by the State in which the service is to be accomplished.

12.     In Hawaii, service of process may be made by publication in accordance with Hawaii Revised Statutes § 634-23, which provides that in any action or proceeding that involves or concerns any property, tangible or intangible, or any legal or equitable right or interest in any such property, if a defendant is unknown or does not reside within Hawaii, or if, after due diligence, the defendant cannot be served with process within the State, and the facts shall appear by affidavit to the satisfaction of the court, it may order that service be made as provided by HRS § 634-24 or by publication, as may be appropriate; provided that service by publication shall not be valid unless, it is shown to the satisfaction of the court that service cannot be made as provided by HRS § 634-24.  The affidavit shall set forth facts based upon the personal knowledge of the affiant concerning the methods, means, and attempts made to locate and effect personal service on the defendant and any other pertinent facts.

13.     Under Hawaii law, service by publication shall be made in at least one newspaper published in the State and having a general circulation in the circuit in which the action or proceeding has been instituted, in such manner and for such time as the court may order, but not less than once in each of four successive weeks, the last publication to be not less than twenty-one days prior to the return date stated therein unless a different time is prescribed by order of the court.  If the action or proceeding concerns real property the court shall order additional notice by posting a copy of the summons upon the property.

14.     I respectfully submit to this Court that the requirements of HRS § 634-24 have

been satisfied, and respectfully request an order from this Court permitting service of the

complaint herein by publication pursuant to Fed. R. Civ. P. 4(e)(3).

Dated:   July 9, 2011

_Jack R. Naiditch_

JACK R. NAIDITCH
Attorney for Plaintiff
HARMER RADIO AND
          ELECTRONICS, INC.