IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARMER RADIO AND ELECTRONICS, INC. ) ) | CIVIL NO. 10-00700 SOM/BMK |
| Plaintiff, ) ) | ORDER DISMISSING COUNTS 3 AND 4 OF THE COMPLAINT WITH LEAVE TO AMEND |
| vs. ) ) | |
| S&S FIRE APPARATUS CO., DOUG KELLEY, CINDY VAN GORDON, CHRISTINA OLSON, LEE FINLEY, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10 ) ) ) ) ) ) ) | |
| Defendants. ) ) | |

**ORDER DISMISSING COUNTS 3 AND 4
OF THE COMPLAINT WITH LEAVE TO AMEND**

**I.      INTRODUCTION.**

On November 26, 2010, Plaintiff Harmer Radio and Electronics, Inc., filed a complaint against Defendants S&S Fire Apparatus Co., Doug Kelley, Cindy Van Gordon, Christina Olson, and Lee Finley.  Harmer Radio says that it contracted with S&S for the purchase of a fire truck.  Defendants Kelley, Gordon, Olson, and Finley were employed by S&S.  Harmer Radio says that, on Defendants' instruction, it sent S&S $350,000 for S&S to transmit to the company that would make the fire truck chassis. Harmer Radio alleges that S&S kept the money for itself.  Harmer Radio asserts claims of breach of contract against S&S, unjust enrichment against S&S, fraud against all Defendants, and

conspiracy to commit fraud against all Defendants. See ECF No. 1.

On May 28, 2013, Kelley filed a motion to dismiss the Complaint. See ECF No. 76. On May 30, 2013, Van Gordon filed a motion for judgment on the pleadings. See ECF No. 78. The court dismisses the claims of fraud and conspiracy to commit fraud asserted in Counts 3 and 4 against Kelley and Van Gordon because those counts fail to plead fraudulent conduct with particularity. However, to the extent Kelley seeks dismissal of the Complaint with prejudice for failure to timely serve the Complaint on him, the motion is denied.

**II.     BACKGROUND.**

In June 2008, Harmer Radio executed a contract with the County of Maui to provide it with a fire truck in exchange for the payment of $565,673.64. See Complaint, ECF No. 1, ¶ 16. Harmer Radio says it contracted with S&S for the building and delivery of the fire truck in exchange for the payment of $428,424. See id. ¶¶ 18, 20.

According to Harmer Radio, S&S required a deposit of $350,000 to begin manufacturing the truck. Id. ¶ 23. Harmer Radio says that S&S, Kelley, Van Gordon, Olson, and Finley each told Harmer Radio that the $350,000 was needed to pay Tatra, a Czech Republic company, to build the chassis for the fire truck. Id. ¶ 26. The Complaint alleges that each Defendant knew that

the representation was false but that Harmer Radio would rely on it.  Id. ¶¶ 27, 29.  Harmer Radio says it paid S&S $220,000 on April 21, 2008, and the remaining $130,000 on July 11, 2008.  Id. ¶ 24.  Harmer Radio alleges that Maui County subsequently reimbursed Harmer Radio for the $350,000 deposit.  Id. ¶ 25.

S&S allegedly promised Harmer Radio that the completed fire truck would be shipped to San Diego, California, for deployment to Hawaii on or before April 25, 2009.  Id. ¶ 33. Harmer Radio says that not only did S&S fail to deliver the fire truck, it never even began construction of the fire truck.  Id. ¶¶ 34, 35.

When Harmer Radio did not receive a fire truck from S&S, it allegedly sought to fulfill its contract with Maui County by purchasing the fire truck chassis from Tatra directly and paying SVI Trucks, a Colorado-based manufacturer, to "upfit" it to specifications.  Harmer Radio says the total cost of this truck was $469,400.  Id. ¶ 36.

Harmer Radio filed the Complaint in this matter on November 26, 2010.  On July 13, 2011, Harmer Radio filed an ex parte motion seeking leave to serve the Complaint by publication. See ECF No. 13.  That motion was granted the following day.  See ECF No. 14.  Default was entered on October 4, 2011.  See ECF No. 24.

On January 18, 2012, Harmer Radio filed a motion for default judgment. See ECF No. 27. On August 29, 2012, the Magistrate Judge assigned to this case issued Findings and a Recommendation that the motion for default judgment be granted ("F&R"). See ECF No. 35.

However, on September 12, 2012, Defendant Lee Finley filed a motion to dismiss for lack of personal jurisdiction and lack of service of process, as well as a motion to set aside the entry of default. See ECF Nos. 36 and 41. On November 6, 2012, a stipulation to set aside the entry of default with respect to Finley was filed. See ECF No. 53. All claims asserted against Finley were then dismissed with prejudice. See ECF No. 54.

On December 19, 2012, this court rejected the F&R, reasoning that once Harmer Radio had the ability to contact Finley, it might be able to locate other Defendants. See ECF No. 56. Having been subsequently located, Kelley and Van Gordon have now responded to the claims against them by filing separate motions.

**III.    STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party "may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted[.]" Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or

4

(2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). Conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. "Naked assertions devoid of further factual enhancement" that suggest only a "mere possibility of misconduct" are not enough to state a claim for relief. Id. at 698. Additionally, "[t]hreadbare recitals of elements of a cause of action supported by mere conclusory statements" do not suffice. Id. at 679.

**IV.     ANALYSIS.**

  **A.   The Complaint Does Not Allege Fraud With Sufficient Particularity.**

The court grants Kelley's motion to dismiss and Van Gordon's motion for judgment on the pleadings with respect to the fraud and conspiracy to commit fraud claims asserted in Counts 3 and 4 of the Complaint. With respect to those claims, the Complaint fails to meet the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, which requires a party to "state with particularity the circumstances constituting fraud or mistake."

Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). A party alleging fraud must therefore "set forth more than the neutral facts necessary to identify the transaction." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). Fraud claims must allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). In other words, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Kearns, 567 F.3d at 1124 (quotation marks omitted).

Additionally, if there are allegations of fraud asserted against multiple defendants, a complaint must identify the false statements made by each defendant. Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to "merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" Id. at 764-765. A plaintiff must

attribute particular fraudulent statements to individual defendants.  <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989).  At a minimum, a plaintiff must identify the role of each defendant in the alleged fraudulent scheme.  <u>Swartz</u>, 476 F.3d at 765.

Harmer Radio's allegations are insufficient to properly plead claims of fraud and conspiracy to commit fraud, which requires all the elements of fraud and a civil conspiracy.  <u>See</u> <u>Mosarah v. SunTrust Mortgage</u>, 2012 WL 844508 (E.D. Cal. March 12, 2012).  Although the Complaint alleges that each Defendant knowingly made false representations concerning S&S's intention to send Harmer Radio's $350,000 to Tatra, <u>see</u> ECF No. 1, ¶¶ 26 and 29, the Complaint is not specific enough to give each Defendant notice of the particular misconduct allegedly committed by that Defendant and giving rise to the fraud and conspiracy to commit fraud claims against that Defendant.  Nor does the Complaint allege even generally how, where, and when the misrepresentations occurred.  Because the court is limited to the contents of the Complaint in reviewing these motions, the court does not consider the evidence submitted by Harmer Radio to supplement the factual allegations of the Complaint.  The claims of fraud and conspiracy to commit fraud are insufficiently pled and are dismissed.

8

### B.   Harmer Radio is Granted Leave to Amend its Complaint.

Kelley and Van Gordon request dismissal with prejudice, arguing that granting Harmer Radio leave to amend would be futile.  Kelley and Van Gordon argue that, even with an amended Complaint, Harmer Radio would be unable to state claims of fraud and conspiracy to commit fraud with particularity.  Additionally, Kelley and Van Gordon note that, based on Harmer Radio's own allegations, Harmer Radio, having been reimbursed for the $350,000 deposit made to S&S, may not base any fraud claim on that deposit.  However, at this point, Harmer Radio's allegations must be taken as true and viewed in the light most favorable to Harmer Radio.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).  Harmer Radio contends that it was indeed harmed by having paid the $350,000 deposit to S&S but having had to nevertheless make its own arrangements to obtain the truck.  The court notes that the Complaint alleges that Harmer Radio ended up paying more for the truck than the County had contracted to pay.

"[Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir. 1988).  The court notes that, although Rule 12(c) does not mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend or simply grant dismissal of the action instead of

9

entry of judgment.  See <u>Spring Technology PCS, L.P. v. County of San Diego</u>, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004); <u>Lonberg v. City of Riverside</u>, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Dismissal with leave to amend is appropriate if the pleadings might be cured by further factual enhancement.  <u>Sheehan v. County of Kauai</u>, 2013 WL 1242364 (D. Haw. Mar. 29, 2013) (Gillmor, J.); <u>see</u> <u>also</u> <u>Whitson v. Bumbo</u>, 2009 WL 1515597, at *8 (N.D. Cal. Apr. 16, 2009).

Under the circumstances presented here, leave to amend is appropriate because Harmer Radio might be able to allege facts supporting fraud and conspiracy to commit fraud claims against Kelley and Van Gordon.

### C. Kelley's Request for Dismissal for Lack of Prosecution is Denied.

Kelley seeks dismissal of the Complaint for lack of prosecution, arguing that the Complaint was filed on November 26, 2010, but not personally served on him until February 25, 2013. However, given the court's order allowing service on Kelley via publication in July 2011 and the entry of default in October 2011, the court cannot say that, under the circumstances presented here, Harmer Radio has failed to prosecute this action diligently.  If Kelley ultimately establishes that he has suffered some concrete disadvantage because of the delay, he may bring an appropriate motion then.

**VI.     CONCLUSION**

The court grants the motions by Kelley and Van Gordon to dismiss Counts 3 and 4 of the Complaint and gives Harmer Radio leave to file an amended Complaint by August 5, 2013.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 11, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Harmer Radio and Electronics, Inc. v. S&S Fire Apparatus Co., et al., Civ. No. 10-00700 SOM/BMK; ORDER DISMISSING COUNTS 3 AND 4 OF THE COMPLAINT WITH LEAVE TO AMEND

11